**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CIVIL ACTION NO. _____**

| | |
|---|---|
| **RICHARD A. VIDAL** | ) |
| | ) |
| **Plaintiff** | ) |
| **v.** | ) |
| | ) |
| **LEXINGTON-FAYETTE COUNTY** | ) |
| **URBAN GOVERNMENT** | ) |
| | ) |
| **Serve: Mayor Jim Gray** | ) |
| **Government Center** | ) |
| **200 E. Main St.** | ) |
| **Lexington, Kentucky 40507** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JIM GRAY, IN HIS CAPACITY AS** | ) |
| **MAYOR OF LEXINGTON-FAYETTE** | ) |
| **COUNTY URBAN GOVERNMENT** | ) |
| | ) |
| **Serve: Mayor Jim Gray** | ) |
| **Government Center** | ) |
| **200 E. Main St.** | ) |
| **Lexington, Kentucky 40507** | ) |
| | ) |
| **and** | ) |
| | ) |
| **LEXINGTON POLICE DEPARTMENT** | ) |
| | ) |
| **Serve: Chief Ronnie Bastin** | ) |
| **150 E. Main St.** | ) |
| **Lexington, Kentucky 40507** | ) |
| | ) |
| **and** | ) |
| | ) |
| **RONNIE BASTIN, IN HIS CAPACITY AS** | ) |
| **CHIEF OF THE LEXINGTON POLICE** | ) |
| **DEPARTMENT** | ) |
| | ) |
| **Serve: Chief Ronnie Bastin** | ) |
| **150 E. Main St.** | ) |

**Lexington, Kentucky 40507**     )
     )
**and**     )
     )
**OFFICER    R.    KORNRUMPF,**  )
**INDIVIDUALLY AND IN HIS CAPACITY**  )
**AS AN OFFICER OF THE LEXINGTON**  )
**POLICE DEPARTMENT**     )
     )
**Serve:  Officer R. Kornrumpf**     )
      **150 E. Main St.**     )
      **Lexington, Kentucky 40507**  )
     )
**and**     )
     )
**UNKNOWN OFFICERS, INDIVIDUALLY**  )
**AND   IN   THEIR   CAPACITIES   AS**  )
**OFFICERS   OF   THE   LEXINGTON**  )
**POLICE DEPARTMENT**     )
     )
**Serve:  Chief Ronnie Bastin**     )
      **150 E. Main St.**     )
      **Lexington, Kentucky 40507**  )
     )
     )
     **Defendants**     )
     )
     )
     )
     )

_____

## **COMPLAINT**

Comes the Plaintiff, Richard A. Vidal, by counsel, and for his Complaint hereby states as follows:

### **INTRODUCTION**

On April 28, 2012 the Plaintiff, Richard Alex Vidal (hereinafter "Plaintiff") was at the residence located at 468 Park Avenue, Lexington, Kentucky.  Between 1:30 a.m. and 2:00 a.m., Lexington Police Officer R. Kornrumpf came to the back door of the aforementioned premises.

Officer Kornrumpf did not have a warrant to search the premises, and did not have a warrant to arrest Plaintiff.  After briefly questioning Mr. Vidal, Officer Kornrumpf, without warning or provocation, forced his way into the home by blocking the door with his foot and pushing it violently inward toward Mr. Vidal.

Once inside the home, Officer Kornrumpf effectuated a take-down maneuver on Plaintiff by putting him in a chokehold and forcing him to the floor.  Officer Kornrumpf physically held Plaintiff in a manner which caused pain and discomfort.

Officer Kornrumpf placed Plaintiff under arrest without the requisite probable cause necessary for said arrest.  This arrest was in violation of Plaintiff's right to be free from unreasonable seizure.  Plaintiff was charged with 1) Violation of Local Noise Ordinance; 2) Disorderly Conduct, 2nd Degree; 3) Resisting Arrest; and 4) Person 18-20 in Possession of Alcohol.

On June 21 2012, the charges of disorderly conduct, resisting arrest, and person 18-20 in possession of alcohol were dismissed *with prejudice*.  Plaintiff pled guilty to violation of local noise ordinance, a non-arrestable offense.

Plaintiff asserts the following claims:

1) Violation of 42 U.S.C. §1983: unlawful arrest;

2) Violation of 42 U.S.C. §1983: unlawful detention and confinement;

3) Violation of 42 U.S.C. §1983: refusing or neglecting to prevent harm;

4) Malicious Prosecution

5) Malicious Abuse of Process

6) False Arrest and Imprisonment

7) Assault

8) Battery

9) Intentional Infliction of Emotional Distress

10) Negligent Infliction of Emotional Distress

11) Negligence

12) Gross Negligence


## JURISDICTION AND VENUE

1.      Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, 1343(a), and

1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §1961-1968.  Jurisdiction of

this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine

of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and 28

U.S.C. § 1367.

2.      Venue lies in the United States District Court for the Eastern District of Kentucky

because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in

Fayette County, Kentucky. 28 U.S.C. § 1391.

## PARTIES

3.      The Plaintiff, Richard A. Vidal, is and was at all times relevant hereto a resident

of Lexington, Fayette County, Kentucky.

4.      Defendant Officer R. Kornrumpf is and at all times relevant hereto was an

employee and officer of the Lexington Police Department.

5.      Defendant Lexington-Fayette County Urban Government is a consolidated urban

county government in Lexington, Fayette County, Kentucky, and organized under the laws of the

Commonwealth of Kentucky.   It is responsible for the policies, procedures, and practices

implemented through its various agencies, agents, departments, and employees, and for injury

occasioned thereby.  It is and at all times relevant hereto was the public employer of Defendant

4

Officer Kornrumpf and other unknown police officers involved in the arrest and detention of the Plaintiff.

6.      Defendant Mayor Jim Gray was at the time of the events pertaining to Mr. Vidal the duly elected mayor of the Lexington-Fayette County Urban Government and as such was responsible for the promulgation and implementation of the policies, procedures, and practices of the Lexington-Fayette County Urban Government.

7.      Defendant Lexington Police Department is a law enforcement agency duly organized under the laws of the Commonwealth of Kentucky.  It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.  Defendant Lexington Police Department was also the public employer of Officer Kornrumpf, and any and all officers present at and participating in Plaintiff's arrest and detention at all times relevant to this Complaint.

8.      Defendant Ronnie Bastin was at the time of the events pertaining to Mr. Vidal the duly appointed chief of the Lexington Police Department and as such was responsible for the promulgation and implementation of the policies, procedures, and practices of the Lexington Police Department.

9.      Defendants Unknown Lexington Police Department Officers include any and all officers present at and/or participating in Plaintiff's arrest, detention and transportation as described herein.

### NATURE OF THE DEFENDANTS' CONDUCT

10.      Defendant(s) engaged in the conduct described below under color of law of the Commonwealth of Kentucky.  The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below.  Defendant(s)' conduct was intentional and/or grossly negligent, indicated

active malice toward Richard Vidal, and a total, deliberate and reckless disregard for and indifference to his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages Richard Vidal is entitled to recover.

## FACTS

11.     On or about April 28, 2012, Plaintiff was lawfully at his residence in Lexington, Kentucky.

12.     On or about April 28, 2012, Defendant Officer Kornrumpf and Unknown Officers of the Lexington Police Department arrived at the residence in Lexington, Kentucky.

13.     Officer Kornrumpf, thereafter, came to the backdoor of that residence.

14.     Officer Kornrumpf spoke to the Plaintiff at the backdoor.

15.     Officer Kornrumpf demanded Plaintiff disclose his name.

16.     Officer Kornrumpf then blocked Plaintiff from closing the door.

17.     Officer Kornrumpf pushed the door open against Plaintiff.

18.     Officer Kornrumpf then forced his way into the residence.

19.     Officer Kornrumpf entered the residence.

20.     Officer Kornrumpf then placed Plaintiff in a chokehold.

21.     Officer Kornrumpf took Plaintiff down to the floor.

22.     Officer Kornrumpf held him in this position thereby causing Plaintiff pain and discomfort.

23.     Officer Kornrumpf and/or other unknown officers of the Lexington Police Department then arrested Plaintiff and took him into custody.

24.     Officer Kornrumpf and/or other unknown officers of the Lexington Police Department did not have a warrant or consent to enter and/or search the residence.

25.     Officer Kornrumpf and/or other unknown officers of the Lexington Police Department did not have a warrant to arrest Plaintiff.

26.     Officer Kornrumpf and/or other unknown officers of the Lexington Police Department had no authority to enter Plaintiff's residence without his consent.

27.     Officer Kornrumpf observed no unlawful conduct, nor did he observe any facts which would give rise to reasonable, articulable suspicion that criminal activity was afoot.

28.     Officer Kornrumpf and/or other unknown officers of the Lexington Police Department arrested the Plaintiff without probable cause that a crime had been or was in the process of being committed.

29.     At the time of his arrest, Plaintiff was engaged in no illegal activity.

30.     At the time of his arrest, Plaintiff was not resisting arrest.

31.     Plaintiff was incarcerated following his arrest.

32.     Plaintiff was imprisoned overnight following his arrest.

33.     As a result of his arrest, Plaintiff was charged with a violation of local noise ordinance, 2nd degree disorderly conduct, resisting arrest, and a person 18-20 in possession of alcohol, under Case Number 12-M-04338, Fayette District Court.

34.     On or about June 21, 2012, the charges against Plaintiff for disorderly conduct, resisting arrest, and a person 18-20 in possession of alcohol, were dismissed with prejudice.

35.     On or about June 21, 2012, Plaintiff pled guilty to violation of local noise ordinance, a non-arrestable offense.

36.     Consequently, said seizure and search of the Plaintiff's person and premises were unreasonable, unlawful, and unjustified.

37.     As a direct and proximate result of the officer(s)' actions, Plaintiff has incurred legal fees and significant other expenses in an attempt to establish his innocence with regard to the charged offenses.

38.     As a direct and proximate result of the officer(s)' actions, Plaintiff has suffered and continues to suffer severe emotional and physical distress and anxiety.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF 42 U.S.C. § 1983:
### UNLAWFUL ARREST

39.     Paragraphs 1 through 38 above are hereby incorporated by reference and made this paragraph 39.

40.     At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

41.     Under color of law, the Defendants worked a denial of Richard A. Vidal's rights, privileges, and/or immunities secured by the United States Constitution or other Federal law, to wit,

a.      by depriving Richard A. Vidal of his liberty without due process of the law, by taking him into custody and holding him there against his will,

b.      by making an unreasonable search and seizure of his person and premises without due process of the law,

c.      by conspiring with the purpose of impeding or hindering the due course of justice, with the intent to deny Richard Vidal equal protection of laws,

d.      by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

42.      Defendants Lexington-Fayette County Urban Government, Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin negligently trained and/or supervised Officer Kornrumpf and other unknown officers present during at or participating in Plaintiff's arrest, in proper police procedures.

43.      As a result of the concerted unlawful and malicious arrest by the Defendant Police Officers, Richard A. Vidal was deprived of his liberty without due process of the law and in violation of his right to equal protection under the laws, and that the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

44.      The conduct of Defendant officers violates clearly established constitutional rights of which a reasonable officer would have known.

45.      The conscious failure of Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin to properly investigate the obvious unlawful conduct of Defendant police officers reflects a policy of deliberate indifference toward Plaintiffs' constitutional rights.

46.      The aforementioned policy of deliberate indifference toward Plaintiff's constitutional rights was a moving force behind the constitutional violations alleged herein.

47.      In the alternative, and without waiving the foregoing, that the aforementioned arrest of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

*WHEREFORE*, Plaintiff demands judgment for Unlawful Arrest against Defendants, jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983:
### DETENTION AND CONFINEMENT

48.     Paragraphs 1 through 47 above are hereby incorporated by reference and made this Paragraph 48.

49.     As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, the Defendant Police Officers deprived Richard A. Vidal of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

50.     The conduct of Defendant officers violates clearly established constitutional rights of which a reasonable person would have known.

51.     The conscious failure of Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin to properly investigate the obvious unlawful conduct of Defendant police officers reflects a policy of deliberate indifference toward Plaintiffs' constitutional rights.

52.     The aforementioned policy of deliberate indifference toward Plaintiff's constitutional rights was a moving force behind the constitutional violations alleged herein.

53.     In the alternative, and without waiving the foregoing, that the aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

*WHEREFORE*, Plaintiff demands judgment for Unlawful Detention and Confinement against all Defendants jointly and severally, for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983:
## REFUSING OR NEGLECTING TO PREVENT HARM

54.     Paragraphs 1 through 53 above are incorporated by reference and made this Paragraph 54.

55.     At all times relevant to this Complaint, the Defendant Police Officers, as duly appointed Police Officers of the Lexington Police Department were acting under the direction and control of Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin.

56.     Acting under color of law and pursuant to official policy or custom, Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis, Defendant Police Officers in their duties, to refrain from:

**(a)** unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

**(b)** unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his Constitutional and statutory rights, privileges, and/or immunities,

**(c)** unlawfully and maliciously entering the premises of a citizen who was acting in accordance with his Constitutional and statutory rights, privileges, and/or immunities,

**(d)** conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Kentucky; and/or

**(e)** callously or recklessly disregarding Plaintiff's Constitutional rights by entering a private residence without sufficient reasonable, articulable suspicion that criminal activity is afoot or performing an arrest without sufficient probable cause; and/or

**(f)** otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

57.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.  Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin had power to prevent or aid in

preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

58.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant Police Officers heretofore described.

59.     As a direct and proximate cause of the negligent and intentional acts of Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin as set forth above, Plaintiff suffered humiliation, physical and mental pain and suffering, severe emotional distress and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

*WHEREFORE*, Plaintiff demands judgment for Refusal of Neglect to Prevent Harm suffered against the Defendants for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.


## COUNT IV – MALICIOUS PROSECUTION

60.     Paragraphs 1 through 59 above are incorporated by reference and made this Paragraph 60.

61.     Defendant Police Officers instituted or continued a criminal proceeding against the Plaintiff, specifically 12-M-04338 in Fayette District Court, Lexington, Kentucky.

62.     The aforementioned criminal proceeding terminated in favor of Plaintiff, who was the accused, on June 21, 2012 as all arrestable alleged offenses were dismissed with prejudice.

63.     Probable cause did not exist for the criminal proceeding against the Plaintiff.

64.     Defendants acted with malice and/or a primary purpose other than that of bringing an offender to justice.

65.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, general, special, compensatory, and punitive damages, in an amount greater than the jurisdictional limits of this Honorable Court, deemed at time of trial to be just, fair, and appropriate.


## COUNT V - MALICIOUS ABUSE OF PROCESS

66.     Paragraphs 1 through 65 above are incorporated by reference and made this Paragraph 66.

67.     Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

68.     Defendants knew or should have known that there existed no probable cause for the arrest of the Plaintiff, and therefore should have known that the criminal complaint against the Plaintiff could not be maintained.

69.     Defendants sought the use of process for an ulterior purpose, including, but not limited to career advancement and/or financial gain.

70.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, general, special, compensatory, and punitive damages, in an amount greater than the jurisdictional limits of this Honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT VI – FALSE IMPRISONMENT

71.     Paragraphs 1 through 70 above are incorporated by reference and made this Paragraph 71.

72.     At all times relevant herein, **(a)** the Defendant Officers acted with the intention of confining Plaintiff within fixed boundaries, **(b)** the act directly or indirectly resulted in confinement, and **(c)** Plaintiff was conscious of the confinement.

73.     Said restraint was wrongful, improper, and without a claim of reasonable justification, authority or privilege.

74.     As a direct and proximate result of the conduct of the Defendant Officers, Richard A. Vidal suffered harm and damages including but not limited to the aforesaid damages.

75.     The actions of the Defendant Officers in falsely imprisoning the Plaintiff, justify punitive damage awards against said Defendants.

76.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, general, special, compensatory, and punitive damages, in an amount greater than the jurisdictional limits of this Honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT VII – ASSAULT

77.     Paragraphs 1 through 76 above are hereby incorporated by reference and made this Paragraph 77.

78.     Richard A. Vidal is a reasonable person.

79.     During the arrest of Plaintiff, the actions of the Defendant Officers constituted unlawful acts which placed Plaintiff in reasonable apprehension of receiving an immediate battery.

80.     As a direct and proximate result of the conduct of the Defendant Officers, Richard A. Vidal suffered harm and damages including but not limited to the aforesaid damages.

81.     The actions of Defendant Officers, in assaulting the Plaintiff, justify punitive damage awards against said Defendants.

82.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT VIII – BATTERY

83.     Paragraphs 1 through 82 above are hereby incorporated by reference and made this Paragraph 83.

84.     Without the consent of Richard A. Vidal, Defendant Police Officers intentionally, harmfully, and offensively touched the Plaintiff.

85.     As a direct and proximate result of the conduct of the Defendants, Richard A. Vidal suffered harm and damages including but not limited to the aforesaid damages.

86.     The actions of Defendant Police Officers, in battering the Plaintiff, justify punitive damage awards against said Defendants.

87.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.


**COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

88.     Paragraphs 1 through 87 above are hereby incorporated by reference and made this Paragraph 88.

89.     Defendant Officers intentionally and deliberately inflicted emotional distress on Richard A. Vidal by maliciously prosecuting him, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's Constitutional rights, or by assaulting and battering Plaintiff, or by falsely arresting and imprisoning the Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, force, and/or knew or should have known that emotional distress was the likely result of their conduct.

90.     Defendant Officers conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

91.     Plaintiff suffered humiliation, shame, and extreme emotional distress, and that the actions of the Defendants were the direct and proximate cause of Plaintiff's extreme emotional distress.

92.     The actions of the Defendant Officers were the direct and proximate cause of the severe emotional distress sustained by Richard A. Vidal.

93.     The actions of the Defendant Officers, in intentionally inflicting emotional distress on the Plaintiff, justify punitive damage awards against said Defendants.

94.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.


## COUNT X – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

95.     Paragraphs 1 through 94 above are incorporated herein by reference and made this Paragraph 95.

96.     Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the swearing to charges without probable cause.

97.     Defendant Police Officers owed a duty to act according to the standard of ordinary care of  police officers, to wit, to conduct a proper investigation, the failure of which was the proximate cause of Plaintiff's injury.

98.    Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin breached their duty by failing to act as entities in a supervisory role in this situation would act, to wit, by failing to perform their duties and by failing adequately to control and to supervise police officers.

99.    Defendant Police Officers breached their duty by failing to act according to the standard of ordinary care of  police officers, to wit, to conduct a proper investigation, the failure of which was the proximate cause of Plaintiff's injury.

100.    As a result of the aforementioned breaches, which were the proximate causes of Richard A. Vidal's injuries, Plaintiff suffered harm and damages.

101.    Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are also liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.


### COUNT XI – NEGLIGENCE

102**.**    Paragraphs 1 through 101 above are incorporated herein by reference and made part of this Paragraph 102.

103.    Defendants Officers owed a duty of care to the Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers under the same circumstances to ensure the Plaintiff's safety.

104.    Defendants officers breached this duty of care by:

(a) failing to follow standard police procedures, and/or

(b) failing to act as a reasonable police officer under the same or similar circumstances.

105. Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin owed a duty of care to hire, train, and supervise Defendant officers present during or participating in the arrest, detention or transportation of Richard A. Vidal, and to take steps to prevent events such as occurred here.

106. Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin breached this duty of care by:

  (a)  failing to use care in hiring Defendant Officers, and/or

  (b)  failing to properly train Defendant Officers, and/or

  (c)  failing to supervise Defendants Officers to ensure their conduct met the standard of ordinary police officers.

107. These breaches of duty by the Defendants were the actual and proximate cause of the injuries which Plaintiff sustained and from which he continues to suffer.

108. Plaintiff suffered damages as a result of the injuries inflicted by Defendant officers.

109. Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are also liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT XIII:  GROSS NEGLIGENCE

110.    Paragraphs 1 through 109 above are incorporated herein by reference and made this Paragraph 110.

111.    Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin owed a duty of care to hire, train, and supervise the Defendant officers, and to take steps to prevent events such as occurred here.

112.    Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin breached this duty by failing to exercise even slight care to when hiring, training, and/or supervising the Defendant officers.

113.    Defendants Officers owed a duty of care to Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers under the same circumstances to ensure the Plaintiff's safety.

114.    Defendants Officers breached these duties by failing to exercise even slight care, and acted in a manner consistent with wanton or reckless disregard for the life and safety of Mr. Vidal.

115.    Defendants' breaches of duty were so egregious that they rise to the level of gross negligence and support an award of punitive damages.

116.    Said breaches of duty by all Defendants were the actual and proximate cause of the injuries sustained by Plaintiff.

117.    Plaintiff suffered damages as a result of the breach by all Defendants.

118.    Defendants Lexington-Fayette County Urban Government, the Lexington Police Department, Mayor Jim Gray, and Chief Ronnie Bastin are also liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## DAMAGES

119.   Paragraphs 1 through 118 above are incorporated herein by reference and made this Paragraph 119.

120.   Plaintiff's physical, mental and emotional anguish and pain and suffering were unnecessary and preventable.  Plaintiff is entitled to recover for the wanton and unnecessary pain and suffering he endured.  Defendants' violations of Plaintiff's Constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiff's rights, entitling him to recover punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

*WHEREFORE,* the Plaintiff would respectfully demand as follows:

1.   Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiff for his injuries and damages, including, but not limited to, recovery for physical, mental and emotional stress, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

2.   Punitive damages;

4.   Trial by jury;

5.   For any and all other relief which the Court may deem appropriate.

Respectfully Submitted,

/s/Aaron R. Esmailzadeh
AARON R. ESMAILZADEH

22

600 W. Main Street, Suite100
Louisville, Kentucky  40202
Ph. 502.540.1221
aarone@simmsreed.com
**ATTORNEY FOR PLAINTIFF**